UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TABITHA LEE COULOMBE,        )
                             )
        Plaintiff            )
                             )
v.                           )    No. 1:13-cv-356-JAW
                             )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social Security, )
                             )
        Defendant            )


### REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge wrongly failed to include in the residual functional capacity ("RFC") she assigned to her limitations caused by her fibromyalgia. I recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from major depressive disorder, panic disorder, fibromyalgia, and status post broken toe, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 13-14; that she retained the RFC for light work, except that she could stand and walk for a total of 3-4 hours in an 8-hour workday, was unable to perform constant or forceful pushing or pulling with her left lower extremity, was unable to use foot pedals with her left lower extremity, was unable to climb ladders, and able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, must avoid concentrated exposure to irregular walking surfaces, might have occasional difficulty carrying out detailed instructions, might have occasional difficulty interacting with coworkers and supervisors in intensive social interactions, but could tolerate superficial social interactions, Finding 5, *id.* at 16-17; that she was unable to perform any past relevant work, Finding 6, *id.* at 20; that, given her age (27 on the alleged date of onset of disability, March 6, 2010), at least a high school education, work experience, and RFC, and using Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"), as a framework for decision-making, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.* at 20; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from March 6, 2010, through August 8, 2012, the date of the decision, Finding 11, *id.* at 21. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the administrative law judge was required to add to her RFC limitations caused by her fibromyalgia, which she found to be severe. Itemized Statement of Specific Errors ("Itemized Statement) (ECF No. 19) at 5-7. Specifically, she argues that the administrative law judge "erroneously discounted" her testimony about the pain and functional limitations caused by her fibromyalgia, *id*. at 6, and that she "failed to consider the longitudinal [aspect] of Ms. Coulombe's symptoms based upon all the evidence in the case record." *Id*. at 7. She does not identify any particular limitation that the administrative law judge should have found to exist that would affect the outcome of her claim.

The administrative law judge made the following relevant findings:

> The claimant's medical records show a history of treatment for fibromyalgia with persistent pain, most significantly in her back, hips and hands (Exhibits 3F-37, 8F-3, 24F-12, 26F-1).
>
> * * *
>
> Although the claimant's medical records show reports of worsening fibromyalgia symptoms, recent clinical exams show that, despite continued reports of pain, upon exam, she had no joint swelling and a normal gait (Exhibits 24F, 26F-2). X-rays of the claimant's left and right hands conducted in April 2011 due to complaints of arthralgia are normal,

> with no sign of traumatic injury, tumor, degenerative or inflammatory arthropathy (Exhibits 20F-1, 2, 24F-1). MRI of the claimant's lumbar spine conducted in 2009 [was] unremarkable (Exhibits 7F-13, 8F-3). Treatment notes from May 2010 show that her fibromyalgia pain does not interfere with her activities of daily living, although she reports increased fatigue and does not exercise (Exhibit 8F-3). Clinical exam notes from May 2010 show normal range of motion of the joints without deformities, contractures, synovitis or effusion, with the exception of tenderness over most fibromyalgia tender points, and she had full strength in the upper and lower extremities (Exhibit 8F-4, 5), and similar results are noted in June and July (Exhibit 8F-8, 11).
>
> * * *
>
> Although I find the claimant credible regarding her allegations of pain due to fibromyalgia and status post toe fracture, I do not find support in the record to further reduce the claimant's residual functional capacity assessment beyond the limitations noted above. Notably, there are no medical opinions in the record that indicate that the claimant is disabled, or even has greater limitations in her functional capacity than noted in the assessment above.
>
> * * *
>
> I have given most weight to the assessment of the State Agency medical consultants. . . . [T]heir assessments are generally consistent with the claimant's medical records, which show some persistent pain symptoms due to fibromyalgia and toe pain, but do not show disabling levels of pain that would prevent her from working.

Record at 13, 17-18, 19. The administrative law judge also stated that she considered the plaintiff's fibromyalgia "consistent with the guidance contained in Social Security Ruling 12-2p." *Id*. at 15.

The state agency medical consultants, Dr. Iver C. Nielson and Dr. Kiran Shah, provide support for the RFC assigned to the plaintiff by the administrative law judge, and both took into account the plaintiff's fibromyalgia. Record at 60-69, 727-33. Dr. Nielson states that the physical limitations that he assigned to the plaintiff, which are identical to those assigned to her by the administrative law judge, *compare id*. at 727-28 *with id*. at 16, were "d[ue] t[o] fibromyalgia (chronic pain), and slow healing L 5th metatarsal F[racture]." *Id*. at 731. Dr. Shah stated that he "concur[s] with . . . RFC dated 9/16/2010[,]" *id*. at 69, which is Dr. Nielson's evaluation.

4

Because these reports provide substantial evidence to support the assigned RFC, because the plaintiff does not appear to challenge the conclusions reached, and because the administrative law judge did not fail to account for limitations flowing from the plaintiff's fibromyalgia, her appeal requires that she demonstrate the existence of additional, specific limitations caused by her fibromyalgia that would affect the administrative law judge's ultimate decision. *E.g., Briggette v. Colvin*, No. 2:13-cv-301-GZS, 2014 WL 3548992, at *7 (D. Me. July 17, 2014). That omission is fatal to her appeal. *Courtney v. Colvin*, Civil No. 2:13-cv-72-DBH, 2014 WL 320234, at *4 (D. Me. Jan. 29, 2014).[2]

While the administrative law judge did err in listing a lack of objective medical findings as a reason to question the plaintiff's "alleged severity of symptoms and limitations[,]" Record at 17, *see Johnson v. Astrue*, 597 F.3d 409, 412 (1st Cir. 2009), that error does not require remand here, where the administrative law judge assigned the plaintiff an RFC that is fully supported by other evidence in the administrative record. *See, e.g., Hadley v. Astrue*, No. 2:10-cv-51-GZS, 2010 WL 5638728, at *3 (D. Me. Dec. 30, 2010).

The case law cited by the plaintiff is distinguishable. In *Johnson*, a treating specialist found several specific physical limitations caused by the claimant's fibromyalgia, 597 F.3d at 411, evidence that is missing from the plaintiff's itemized statement in this case. In *Tompkins v. Colvin*, No. 1:13-CV-73-GZS, 2014 WL 294474 (D. Me. Jan. 27, 2014), the administrative law judge assessed no limitations due to the claimant's fibromyalgia, *id*. at *6, which is not the case here. In *Downs v. Commissioner, Soc. Sec. Admin.*, No. 2:13-CV-02-DBH, 2014 WL 220697 (D. Me. Jan. 21, 2014), the issue was the administrative law judge's assessment of the claimant's credibility,

---

[2] At oral argument, the plaintiff's attorney stated that the primary additional, specific limitation that the administrative law judge should have added to the plaintiff's RFC was chronic fatigue, which would prevent her from working consistently. He provided no citation to evidence in the record supporting these assertions.

*id*. at \*4-\*5, which has not been challenged in the instant case. To the extent that the case may, nonetheless, be compared to the one now before the court, the administrative law judge in *Downs* gave only erroneous reasons for rejecting any limitations due to the claimant's fibromyalgia.

Finally, in *Huston v. Colvin*, No. 2:12-cv-00282-JAW, 2013 WL 3816615 (D. Me. July 19, 2013), that administrative law judge found the claimant's fibromyalgia to be a severe impairment but included no resulting limitations in the claimant's RFC. *Id*. at \*3-\*4. Again, that is not the case here, where the physical limitations were expressly found by Dr. Nielson to be "due to" the plaintiff's fibromyalgia.

## II.     Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of September, 2014.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge